IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BETH ELAINE A.**,[1]

        Plaintiff,

v.

**ANDREW M. SAUL,**
Commissioner, Social Security
Administration,

        Defendant.

No. 3:19-cv-1539-MO

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff Beth Elaine A. brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("SSA") for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The only issue on this second appeal is whether on remand the administrative law judge ("ALJ") erred by failing to consider the medical opinion of Dr. Ghazaleh Jafari. For the reasons discussed below, I AFFIRM the decision of the Commissioner and DISMISS this case with prejudice.

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits ("DIB") in June 2012 alleging disability beginning November 1, 2007, due to a bone/blood disorder, chronic anemia,

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

myelodysplastic syndrome, arthritis, depression, hypothyroidism, inner ear imbalance, sleep apnea, vertigo, and asthma. Her DIB application was denied initially and upon reconsideration. Plaintiff then applied for Supplemental Security Income ("SSI"). Her protective filing date for SSI was September 20, 2013, but her application was not completed until October 18, 2013. A hearing for both her DIB and SSI applications took place before an ALJ on October 21, 2014. The ALJ issued a partially favorable decision on December 19, 2014. The ALJ granted Plaintiff's SSI application and found her disability onset date was the date of her application. The ALJ mistakenly viewed Plaintiff's application date as October 18, 2013. The ALJ denied Plaintiff's DIB application and found she was not disabled on December 31, 2011, the date last insured. The Appeals Council denied review of Plaintiff's case and she filed an appeal in the United States District Court for the District of Oregon.

On September 6, 2017, Judge Ann Aiken issued a decision remanding Plaintiff's case to the Commissioner for further proceedings. Judge Aiken directed the ALJ to conduct a de novo hearing regarding Plaintiff's eligibility for DIB and to specifically call a medical expert to help ascertain an onset date. Tr. Soc. Sec. Admin. R. [ECF 10] at 1443. The Appeals Council then issued an order consistent with the District Court's order explaining that the ALJ's December 19, 2014, decision was vacated only with respect to it its findings of disability before October 18, 2013, and directing the ALJ only to consider Plaintiff's disability status prior to that date on remand. Tr. 1446.

A new hearing was held on May 18, 2018, in Portland, Oregon. Tr. 1328. After considering the evidence, the ALJ found that Plaintiff's disability onset date was September 20, 2013, but that Plaintiff was not disabled within the meaning of the SSA at any time through December 31, 2011, the date last insured. Tr. 1329. In reaching that conclusion the ALJ did not

2 – OPINION AND ORDER

consider the medical opinion of Dr. Jafari, who treated Plaintiff in September 2014. This is the subject of Plaintiff's second appeal.

## STANDARD OF REVIEW

On review, I must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). Substantial evidence means "more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). A judge must uphold the Commissioner's decision if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

## DISCUSSION

The sole issue Plaintiff presents on this second appeal is whether the ALJ erred on remand by failing to discuss the medical opinion of Dr. Jafari.

### I.   Whether the ALJ Erred by Failing to Discuss Dr. Jafari's Opinion

Plaintiff asserts that the ALJ erred by failing to discuss Dr. Jafari's opinion. An ALJ is not required to discuss every piece of evidence but must explain why any significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984).

It is undisputed that the only issue on remand was Plaintiff's disability status prior to October 18, 2013. Dr. Jafari's opinion is dated October 1, 2014. Tr. 1079. Dr. Jafari examined Plaintiff for hand pain and numbness on September 5, 2014. Tr. 1306. His opinion limited

3 – OPINION AND ORDER

Plaintiff to lifting and carrying less than ten pounds occasionally and frequently, reaching frequently, handling occasionally, and fingering or feeling never. Tr. 1078–79. According to Dr. Jafari's record of the visit, the onset of those symptoms was five to six weeks prior. Tr. 1306. As such, July 25, 2014, is the earliest possible date that Dr. Jafari's opinion could cover.

Plaintiff argues the ALJ erred both by failing to discuss Dr. Jafari's opinion and by failing to explain the decision not to discuss Dr. Jafari's opinion. She contends that the ALJ discussed other opinions dated after the time period at issue on remand. Further, Plaintiff argues that Dr. Jafari's opinion could have actually impacted the ALJ's findings as to her disabled status but does not articulate a coherent argument for why that is true for the narrow time period in dispute on remand.

The ALJ only needs to explain why significantly probative evidence has been rejected. The first ALJ did consider Dr. Jafari's opinion and found that Plaintiff was disabled beginning October 18, 2013. But while Dr. Jafari's opinion was likely significant and probative when the ALJ was tasked with considering the entire timespan of Plaintiff's disability status, I see no way in which it would be probative of Plaintiff's disability status prior to October 18, 2013—nearly a year before Dr. Jafari's only examination of Plaintiff. And Plaintiff's argument that the ALJ discussed other opinions dated after October 18, 2013, is without merit because all those opinions were from physicians who had treated Plaintiff for many years, including prior to October 2013.[2] As the ALJ noted in the decision, the remand orders did not allow him to make changes to the prior favorable decision. Tr. 1340. The ALJ did not need to discuss, or explain the decision not to discuss, Dr. Jafari's opinion.

---

[2] For example, the ALJ discussed Dr. Mitchell's opinion from May 2018, but Dr. Mitchell had been treating Plaintiff for eight years. Tr. 1338.

4 – OPINION AND ORDER

Accordingly, I conclude that Dr. Jafari's opinion was not probative and the ALJ did not err by not discussing it.

## II. Even if the ALJ's Failure to Discuss Dr. Jafari's Opinion was a Legal Error, Whether it was Nonetheless Harmless Error

Even if the failure to discuss Dr. Jafari's opinion was a legal error, I will still uphold the ALJ's decision if it was harmless error. "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). A district court can consider an error to be harmless only if "it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Legal errors are harmless only if they are inconsequential to the non-disability decision. *Id.* at 1055.

Assuming that the ALJ should have discussed Dr. Jafari's medical opinion on remand, I find that the failure to do so was harmless error. There is no way that consideration of Dr. Jafari's opinion would have caused the ALJ to reach a different conclusion on remand. As discussed, the earliest date that Dr. Jafari's opinion could provide insight as to Plaintiff's disability status is July 2014. It could not have any bearing on Plaintiff's disability status prior to October 18, 2013, and Plaintiff makes no compelling argument to the contrary. Accordingly, I can confidently conclude that no reasonable ALJ could have reached a different decision on remand by considering Dr. Jafari's opinion.

//
//
//
//

## CONCLUSION

For the foregoing reasons I AFFIRM the decision of the Commissioner and DISMISS the case with prejudice.

IT IS SO ORDERED.

DATED this 26th day of October, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge